UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE THE ROMAN CATHOLIC     *     CIVIL NO. 22-1738
CHURCH OF THE ARCHDIOCESE
OF NEW ORLEANS     *     SECTION: T

            *

            *

## ORDER

Before the Court is the Debtor's *Motion to Dismiss*.[1] James Adams, Jackie Berthelot, Theodore Jackson, and Eric Johnson filed a response.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Two months ago, the United States Bankruptcy Court for the Eastern District of Louisiana issued an order in *In re Archdiocese*, Case No. 20-10846, removing four people from the Official Committee of Unsecured Creditors (the "Committee") and dismissing their lawyer, Richard Trahant.[3] After an investigation by the United States Trustee, the Bankruptcy Court determined that Mr. Trahant, in violation of a court order, disseminated confidential information to a third-party.[4] Concerned about further leaks, the Bankruptcy Court ordered the removal of Mr. Trahant

---

[1] R. Doc. 25.
[2] R. Doc. 29.
[3] R. Doc. 1-1 at 1.
[4] *Id.* at 2.

and his clients, the four committee members, pursuant to 11 U.S.C. § 105(a).[5] Additionally, the Bankruptcy Court instituted sanctions proceedings against Mr. Trahant.

Following their removal from the bankruptcy, the former Committee members and Mr. Trahant filed separate appeals with this Court, raising due process and prejudice concerns.[6] In the meantime, the United States Trustee appointed three new people to serve on the Committee, which is made up entirely of tort claimants, bringing its membership total to five.[7]

In the present motion, the Debtor asks this Court to dismiss the former Committee members' appeal for two reasons.[8] First, the Debtor contends the former members lack standing to bring this appeal.[9] The Debtor maintains "the Appellants cannot identify how the [Bankruptcy Court's] Order financially harmed them," including how it "impaired their status as creditors or affected their unsecured claims."[10] Second, the Debtor argues the former Committee members cannot identify any "exceptional circumstances" that warrant an interlocutory appeal.[11]

The former Committee members disagree.[12] First, they argue "a sanction order by its very nature confers standing on the subject of the sanctions," whether under Article III or not, and "satisfie[s] the 'aggrieved party' standard."[13] The former members contend they were "severely

---

[5] *Id.* at 4-5.
[6] *Id.* at 4-5.
[7] *Id.* at 5.
[8] R. Doc. 25.
[9] *Id.* at 6-7.
[10] *Id.* at 7.
[11] *Id.* at 8-14.
[12] R. Doc. 29.
[13] *Id.* at 1.

sanctioned" when they were removed from the Unsecured Creditor's Committee.[14] Second, the former Committee members maintain the Bankruptcy Court's removal order is final and appealable.[15]

## LAW & ANALYSIS

The appellate standing standard in bankruptcy is "more exacting than the test for Article III standing."[16] Under Fifth Circuit precedent, the "narrow inquiry for bankruptcy standing" is governed by the "person aggrieved" test.[17]

> Because bankruptcy cases typically affect numerous parties, the "person aggrieved" test demands a higher causal nexus between act and injury; appellant must show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court" in order to have standing to appeal.[18]

While some courts have also considered whether an order "diminished [a party's] property, increased its burden or impaired its rights," the Fifth Circuit recently made clear that the "person aggrieved test" acts to "narrow[] the playing field" on appeal by "ensuring that only those with a direct, financial stake in a given order can appeal it."[19]

After reviewing the parties' filings and the applicable law, the Court finds the former Committee members lack standing to pursue this appeal. Under Fifth Circuit precedent, a party

---

[14] *Id.* at 4.
[15] *Id.* at 18-21.
[16] *Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018).
[17] *Id.*; *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 227 B.R. 788, 790–91 (E.D. Tex. 1998) (citing *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n. 18 (5th Cir. 1994)).
[18] *In re Coho Energy Inc.*, 395 F.3d 198, 202–03 (5th Cir. 2004).
[19] *Technicool*, 896 F. 3d at 386; *Southern Pacific*, 227 B.R. at 791.

must be "directly and adversely affected *pecuniarily* by the order of the bankruptcy court."[20] Here, the former Committee members cannot, and do not, point to any pecuniary harm in this appeal.[21] Instead, the former members argue that, because their removal was a sanction, they have standing.[22] Consequently, the former Committee members confuse the applicable standing standard.

The former Committee members contend the Article III or sanctions standard applies to this case. To do so, the former members rely on *In re Cleveland*.[23] In *Cleveland*, the Fifth Circuit applied the traditional Article III standard to a bankruptcy sanction and, in turn, upheld a monetary penalty against two individuals who violated an automatic stay.[24] However, the *Cleveland* ruling is distinguishable from the matter at hand for two reasons. First, the former Committee members have not been sanctioned. A sanction requires, in some manner, the invasion of a legal right.[25] However, no person has a general right to serve on a creditor's committee. Indeed, the former members do not direct this Court to any statute or doctrine formulating such a right. Second, and relatedly, any right or interest asserted by the former members necessarily flows from the

---

[20] *Coho*, 395 F. 3d at 202-03 (emphasis added).
[21] "Generally, 'creditors have standing to appeal orders of the bankruptcy court disposing of property of the estate because such orders directly affect the creditors' ability to receive payment of their claims.' This rule is inapplicable, however, to creditors who challenge a bankruptcy court order—like Judge Gerling's Order in the case at hand—that does not dispose of assets in the debtor's estate." *In re Victory Markets, Inc.*, 195 B.R. 9, 15 (N.D.N.Y. 1996) (citation omitted).
[22] R. Doc. 29 at 8-10.
[23] 26 F. 4th 285 (5th Cir. 2022).
[24] *See id*.
[25] For example, a lawyer who is penalized with monetary fines or suspended from practice loses something they had a right to. *See Thornton v. General Motors Corp.*, 136 F. 3d 450, 453 (5th Cir. 1998).

bankruptcy itself.[26] The rights and interests of the individuals in *Cleveland*, namely their property rights, existed outside of bankruptcy.

Therefore, the "more exacting" bankruptcy standing standard applies here. However, "[n]owhere…does Appellant explicitly contend that the challenged Order directly and adversely affected its pecuniary interests."[27] Consequently, the former members do not have standing to appeal the Bankruptcy Court's order. The Court finds this decision is further reinforced by an important consideration: the former members' interest and claims are still represented by a five-member Unsecured Creditor's Committee.[28] Considering the above factors, the motion is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the *Motion to Dismiss* is **GRANTED**.

New Orleans, Louisiana this 11th day of August, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[26] "As such, an order of civil contempt is considered part of the underlying case. Thus, the civil contempt order was issued as part of the bankruptcy case itself, making it a core proceeding that 'would have no existence outside of the bankruptcy.'" *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (citation omitted).
[27] *Victory*, 195 B.R. at 15.
[28] R. Doc. 1- 7 at 5. *See In re Quality Beverage Co.*, 181 B.R. 887, 894 (Bankr. S.D. Tex. 1995) (noting that an unsecured committee "bears a strong duty to the interests of the unsecured creditors it represents, [but] it has neither the power nor the authority to bind each individual creditor").

5