**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:                                    *   **CASE NO. 22-01738**
                                          *
**ROMAN CATHOLIC CHURCH OF THE**          *   **JUDGE BARRY ASHE**
**ARCHDIOCESE OF NEW ORLEANS**            *
                                          *   **MAGISTRATE DOUGLAS**

---

**MEMORANDUM IN SUPPORT OF MOTION TO ACCESS SEALED RECORD**

NOW INTO COURT come Plaintiffs/Appellants, abuse survivors and ex-committee members of the Unsecured Creditors Committee James Adams, Jackie Berthelot, Eric Johnson, and Theodore Jackson who respectfully submit the instant memorandum in support of their *Motion to Access Sealed Record* to move the Court for an Order (a) specifically authorizing access to Appellants and their counsel of all sealed portions of the appellate record, (b) allowing sufficient time to review the sealed portions of the record, and (c) allowing an opportunity to supplement their Rule 60(b) *Motion to Vacate Judgment* with any new information learned from the sealed record.[1]

The instant case is an appeal of the United States Bankruptcy Court's June 7, 2022 Order in which the Bankruptcy Court removed Appellants from the Unsecured Creditor's Committee ("Sanctions Order"), [Rec. Doc. 1574]. The Sanctions Order "imputed" an alleged protective order violation by one of their counsel, Richard Trahant, to all four of the Appellants – despite no finding of wrongdoing on behalf of the four Appellants or any explanation as to what Mr. Trahant did to whom, when, why, or where. The Sanctions Order exclusively relied upon a U.S. Trustee Report

---

[1] No court, not the Bankruptcy Court, the District Court, or the Fifth Circuit, has conducted the required analysis to determine whether documents filed under seal should remain under seal pursuant to *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).

and supporting materials – documents which were never provided to the four Appellants.  The

Sanction Order also issued *sua sponte*, without any motion pending, and without notice or an

opportunity to be heard by the four Appellants or Mr. Trahant.

On July 7, 2022, Judge Guidry granted Appellants' *Motion to Supplement Record* [Rec.

Doc. 2] and issued an Order formally supplementing the appellate record with the following

documents:

> **IT IS ORDERED** that the motion is **GRANTED**, and the record be
> supplemented with the following documents: (1) the United States Trustee
> Report and supporting materials; (2) the sealed transcripts from the February
> 11, 2022 and March 11, 2022 status  conferences; (3) the 02/09/22 Email
> from Counsel to the Bankruptcy Court; and (4) Brother Martin High
> School Discovery Responses and attached documents.

*Order*, at 1, [Rec. Doc. 17] (Guidry, J.).  These documents were sealed by the Bankruptcy Court.

Judge Guidry ordered that these documents should remain sealed at this time.  *Id.*  Appellants

contend that this order was clearly erroneous, since it failed to include analysis of recent Fifth

Circuit caselaw.

On July 18, 2022, the Bankruptcy Clerk issued a letter to the clerk of the Eastern District

of Louisiana stating that the pdf documents constituting the appellate record would be "transmitted

via USB drive" and that a "supplemental transmittal will occur after the supplemental

designation".  *LTR Bankruptcy Clerk to EDLA Clerk*, at 1 (07/18/22), [Rec. Doc. 24].  The next

day, Appellants filed a supplemental designation with the Bankruptcy Court based on the  order

supplementing the appeal.  *Notice of Supplementing Record*, at 1 (07/19/22), [Rec. Doc. 42-1].

On July 19, 2022, undersigned contacted the clerk for the Eastern District of Louisiana to

determine how to access a copy of the appellate record.  The clerk informed undersigned that,

since the record contained sealed materials, this Court would need to formally authorize

undersigned to access the sealed documents before they could release the record.

Undersigned then sent an email to all counsel of record seeking their position on whether they would object to this motion.  The United States Trustee, a party of interest and creator of the Report and supporting materials that the Bankruptcy Court unilaterally sealed and based its order on, consented to access (although noting that she could only grant permission over those materials she created).  Richard Trahant, the Appellant in No. 22-1740, consented to access.  Only the Archdiocese of New Orleans refused to consent.  The Archdiocese represented that it could not consent unless the Appellants and their counsel were signatories to the bankruptcy protective order.

The Archdiocese's objection was already addressed in Judge Guidry's ruling of Appellants' *Motion to Supplement Record*.  In its Response to Appellants' *Motion to Supplement Record*, the Archdiocese argued its position that it did not object to Appellants' access to sealed documents as long as those documents remain under seal and subject to the protective order.  [Rec. Doc. 8, at 9-10] Without any legal analysis, Judge Guidry ordered that the documents remain under seal:

> **IT IS FURTHER ORDERED** that these documents remain under SEAL. The Court instructs the parties that any unauthorized disclosure will not be tolerated.

[Rec. Doc. 17] (emphasis in original).  Regardless of whether any person or attorney signed or did not sign the bankruptcy protective order, these materials will remain under seal as directed by Judge Guidry until such time as the Court is asked to address it.  This Court is fully capable and authorized of instructing the parties as to how documents are to be treated while this matter is pending before this Court.  The protective order does not control the legal analysis of whether documents filed under seal should remain under seal.

In fact, the protective order does not apply at all.  The Trustee is not a party to the protective order.  The Trustee wrote the Report and created the statements.  The protective order only applies to producing parties who produce materials pursuant to discovery – not to the Trustee conducting an investigation pursuant to a court order.

After this case was appealed to the Fifth Circuit, a similar motion to access the sealed record was filed.  The Fifth Circuit did not rule on the motion, instead deciding to carry it with the case.  Since it stayed the appeal, the Fifth Circuit has still not ruled on the motion.

Appellants move for an Order specifically authorizing Appellants and their counsel to access the sealed appellate record because Appellants have never seen the records that the Bankruptcy Court relied upon to sanction them by removing them from the Unsecured Creditor's Committee in the Archdiocese of New Orleans bankruptcy.[2]  While it ordered that these documents become part of the appellate record, the District Court failed to grant Appellants access to these records.  The documents include the following: (1) the United States Trustee Report and supporting materials; (2) the sealed transcript from the Bankruptcy Court February 11, 2022 status conference; (3) the sealed transcript from the Bankruptcy Court March 11, 2022 status  conference; and (4) non-party Brother Martin High School Discovery Responses and attached documents.[3]

I.     **Appellants have never been provided access to the documents which form the basis of the sanctions against them.**

This case seeks the reversal of the Bankruptcy Court's June 7, 2022 Sanction Order in which the Court removed Appellants from the Unsecured Creditor's Committee ("Sanctions

---

[2] Only one of Appellants' counsel (Richard Trahant) has reviewed some of these records but the Bankruptcy Court has precluded him from sharing with his clients or co-counsel.
[3] Appellants have seen some version of the Brother Martin discovery responses but the Archdiocese has refused to confirm whether that version is final and complete for purposes of supplementing the appellate record.

Order") [Rec. Doc. 1-2].  The Bankruptcy Court's Sanctions Order was issued *sua sponte*, without notice or an opportunity to be heard, "imputed" an alleged protective order violation by one of their counsel to all four of the Appellants – despite no finding of wrongdoing on behalf of the four Appellants or any explanation as to how their one counsel violated the Protective Order by providing whatever to whom, when, why, or where.

A.    **The Bankruptcy Court's Sanction Order relied on sealed documents.**

On June 7, 2022, the Bankruptcy Court issued an order removing all four Appellants from the Unsecured Creditors Committee ("Committee") of the Archdiocese of New Orleans bankruptcy.  *Sanction Order* [Rec. Doc. 1574].  All four Appellants are survivors of childhood sexual abuse perpetrated by Archdiocese clergy and enabled by the Archdiocese itself. Appellants had served on the Committee for more than two years.  [Rec. Doc. 94.]  The Committee represents the interests of the more than 450 sexual abuse survivors who filed claims into the Bankruptcy for being sexually assaulted by Archdiocesan clergy when they were children.

In its Order, the Bankruptcy Court found that one of the three attorneys for Appellants violated the Protective Order.  *Sanction Order*, at 4-5.  The Bankruptcy Court based its decision on the U.S. Trustee Report and supporting documents created as part of an investigation ordered by the Bankruptcy Court.  *Id.* at 5.  The *Sanction Order* does not identify how the alleged violation occurred, to whom the alleged violation was made, the extent of any alleged violation, when the alleged violation occurred, or the effect of any alleged violation.  In other words, other than a finding of a violation against Mr. Trahant, the *Sanction Order* fails to identify the how-what-when-why-where of the alleged violation.  The Sanction Order also fails to identify what document and/or information formed the basis of the alleged breach, whether

the document and/or information was in fact protected, or which provisions of the Protective Order were allegedly violated.  As a result, Appellants still do not know the basis for why they were sanctioned.

Even in spite of the *Sanction Order's* omissions, the Bankruptcy Court did not find any misconduct on behalf of any of the four Appellants.  The Bankruptcy Court did not find any misconduct on behalf of the Appellants' other two lawyers from separate law firms, John Denenea and Soren Gisleson.  Instead, the Bankruptcy Court "imputed" Mr. Trahant's alleged violation to all four Appellants.  *Sanction Order*, at 4-5 ("the Court is forced to impute Trahant's actions to those of his clients on the Committee".)  The *Sanction Order* fails to identify any perceived impairment of duty by the Appellants in their role of representing the class of sexual abuse claimants.[4]

The Bankruptcy Court sanctioned Appellants without notice and an opportunity to be heard.  No motion was pending before the Bankruptcy Court on June 7, 2022 when it ordered Appellants' removal from the Committee.  The Bankruptcy Court did not provide any advance notice that it was considering sanctions.  Although the Order references a January 20, 2022 pleading filed by the Archdiocese called "*Motion for Entry of an Order:  (A) Compelling the Tort Committee and/or Its Counsel to Answer Identified Questions, and (B) Setting an Evidentiary Hearing on Sanctions for Violation of Protective Order*", the Archdiocese

---

[4] The *Sanction Order* does not cite to any caselaw.  Instead, as support of its extreme sanctions, the *Sanction Order* merely cites to 11 U.S.C. § 105(a) (a general statute providing for general powers of a bankruptcy court) and 11 U.S.C. § 1102(a)(4) (a specific statute authorizing a bankruptcy judge to remove Committee members only "on request of a party in interest and after notice and hearing") (emphasis supplied).  As will be more fully explained in the briefing on the merits, no pending request for removal of committee existed at the time the *Sanctions Order* issued, and the Bankruptcy Court failed to provide Appellants with "notice and hearing" before removing them.

withdrew that motion on April 26, 2022. *See Notice of Withdrawal of Debtor's Motion for Entry of Order: Compelling the Tort Committee and Its Counsel to Answer Identified Questions and Setting an Evidentiary Hearing on Sanctions*, at 1 [Bkrptcy Rec. Doc. 1473]. Even in its own withdrawn motion, the Archdiocese conceded that an "evidentiary hearing" was required before sanctions could issue.

The Bankruptcy Court sanctioned Appellants based on documents that have never been provided to them. The Bankruptcy Court relied upon the U.S. Trustee Report and their investigative materials:

> The Court has reviewed the UST Report and the attachments thereto, which include 78 sworn declarations; 18 transcripts of sworn examinations provided under Rule 2004 of the Federal Rules of Bankruptcy Procedure; one transcript and one summary of two unsworn telephonic interviews; and numerous documents produced to the UST pursuant to Rule 2004, including relevant telephone and text message logs, electronic transaction reports, and e-mail and letter correspondence.

*Sanction Order*, at 5. The Bankruptcy Court ordered that these documents be filed under sealed but not given to the individual members of the UCC, such as Appellants. Ultimately, the Bankruptcy Court sanctioned Appellants by ordering the U.S. Trustee to remove Appellants from the Committee. On the next day, the U.S. Trustee complied. *See U.S. Trustee's Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [Bkrptcy Rec. Doc. 1575].

The appellate record includes three other relevant, sealed documents that Appellants have never been allowed to access. Appellants require access to these records as well. These other sealed records include: (1) the sealed transcript from the Bankruptcy Court's February 11, 2022, [Bkrptcy. Rec. Doc. 1308]; (2) the sealed transcript from the Bankruptcy Court's March 11, 2022 status conference, [Bkrptcy. Rec. Doc. 1414]; and (3) the Brother Martin High

School Discovery Responses and attached documents which were supposed to be entered into the record but it is unclear whether that was actually completed.  Although the Bankruptcy Court unsealed the two transcripts related to the status conferences after Judge Guidry dismissed this case, these same transcripts remain sealed in the record of this case, creating the fundamentally unfair situation where Appellants cannot access these documents in their own appeal but can view them in the bankruptcy.

As of this filing, Appellants are unable to access any of the documents that the Bankruptcy Court exclusively relied upon to sanction Appellants.  Appellants have never seen the Trustee Report or the Statements taken by the Trustee.  All of these materials are needed for Appellants to adequately prepare their appeal.  Although it ordered that these sealed documents be made part of the appellate record, [Rec. Doc. 17], Judge Guidry dismissed Appellants' appeal before ruling on Appellants' *Motion to Access Sealed Documents*.  [Rec. Doc. 26] Thus, either the District Court dismissed the appeal without any record evidence whatsoever, or the District Court had access to the sealed record and the Appellants did not.

> **B.** **Judge Guidry dismissed the bankruptcy appeal before granting access to the sealed documents, and the Fifth Circuit issued a stay of the appeal.**

On August 11, 2022, Judge Guidry granted the Archdiocese's *Motion to Dismiss Appeal*. [Rec. Doc. 38] The District Court held that Appellants did not have standing to appeal the Sanction Order because they did not satisfy the "person aggrieved" test.  *Id.* at 4.  The District Court reasoned that Appellants were not directly or adversely "pecuniarily" harmed by the Sanctions Order.  *Id.*

The District Court ruled on the Archdiocese's *Motion to Dismiss* before ruling on Appellants' *Motion to Access the Appellate Record*. [Rec. Doc. 26] The District Court had

previously granted Appellants' *Motion to Supplement Record* [Rec. Doc. 2] and issued an Order

formally supplementing the appellate record with the following documents:

> **IT IS ORDERED** that the motion is **GRANTED**, and the record be supplemented with the following documents: (1) the United States Trustee Report and supporting materials; (2) the sealed transcripts from the February 11, 2022 and March 11, 2022 status conferences; (3) the 02/09/22 Email from Counsel to the Bankruptcy Court; and (4) Brother Martin High School Discovery Responses and attached documents.

*Order*, at 1 [Rec. Doc. 17].  Judge Guidry ordered that these documents should remain sealed

pending the appeal without having conducted any review to determine whether the documents met

this Court's standard for filing document under seal.  *Id.* at 1.  <u>In fact, no party has ever moved to

seal the U.S. Trustee Report, the supporting materials to the Report, the transcripts from the status

conferences, or the Brother Martin High School Discovery Responses and attached documents.</u>

The Bankruptcy Court's orders were all *sua sponte*.[5]

However, even though Judge Guidry ordered supplementation of the record with the sealed

documents, the Clerk for the Eastern District would not permit access to the sealed documents to

Appellants without direction from the District Court that specifically identified Appellants as

having access.  On July 20, 2022, Appellants filed with the District Court a *Motion Requesting

Access to All Sealed Documents in Appellate Record*.  [Rec. Doc. 26]  Judge Guidry dismissed the

appeal before ruling on the motion.

II.     **Appellants need access to the documents which form the basis of the sanctions
        against them to assist them with the Rule 60(b) motion.**

Access to the record on appeal is supposed to include those items which "truly discloses

what happened in the lower court".  *In re Prudential Lines, Inc.*, 1994 WL 142017, at *3

---

[5] The number of <u>sealed</u> pleadings, exhibits, and orders filed into the Archdiocese bankruptcy now <u>exceeds 90</u> – most of which are suspected to pertain to child sexual abuse.

(S.D.N.Y. 1994).  The record must reflect "the course of proceedings leading to the judgment under review".  *Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150, 1165 (3d Cir.1986) (quoting 9 J. Moore, Moore's Federal Practice ¶ 210.08(1) at 10–55 (2d ed. 1985)), *cert. denied* 481 U.S. 1070 (1987).  This is so because "[t]he only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *In re Prudential Lines, Inc.*, 1994 WL 142017, at *3 (S.D.N.Y. 1994).

Rule 10 of the *Federal Rules of Appellate Procedure* acknowledges the need for supplementation and access of the record in the circumstances presented here:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is <u>omitted from or misstated</u> in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

FED. R. APP. P. 10 (emphasis supplied).

Appellants need to access these documents to assist them with their Rule 60(b) motion. In Appellants' Rule 60(b) motion, Appellants argue that Judge Guidry's order should be vacated because he should have disqualified himself before issuing any rulings.  One of the factors to consider is whether the public's confidence in the judiciary will suffer if the order is not vacated.  One of the central, public injustices of this appeal is that the Bankruptcy Court and then Judge Guidry ruled in this case without allowing Appellants access to these

documents. This failure in process and fairness has plagued the Bankruptcy Court's Sanction Order and created a secret process in which no judgment from any court can be fairly reviewed since Appellants have been consistently precluded from accessing the sealed record.

The Bankruptcy Court's Sanction Order exclusively relied upon the Trustee Report and supporting statements. The Bankruptcy Court's order relied on nothing else. The documents identified herein were either "relied" upon by the Bankruptcy Court in the *Sanctions Order* or "accurately reflect the proceedings" that led to the *Sanctions Order*. Accordingly, access to the above referenced documents should be provided.

The Trustee Report and Statements could contain a myriad of factual statements and arguments that could assist Appellants in their Rule 60(b) motion, including, but not limited to: (1) statements that directly contradict the Bankruptcy Court's factual and/or legal positions; (2) statements that implicate Judge Guidry's factual and/or legal positions; (3) a finding that Appellants and/or Trahant did nothing wrong; (4) a finding that Appellants and/or Trahant did not know about any alleged protective order violation; (5) a statement that Appellants should not be removed from the committee; or (6) a statement that Appellants and/or Trahant should not be sanctioned in any way.

Even if the Trustee Report and Statements included negative findings against the Appellants and Trahant, then they still could have important implications on standing or in this appeal generally. Such possible facts could include: (1) a finding that Appellants should be financially sanctioned; (2) a finding that Appellants should be jointly or solidarily liable for a monetary sanction; (3) a finding that since the Court "imputed" Trahant's alleged misconduct to Appellants, that it also equates to a finding that Appellants are also financially liable; or (4)

that any subsequent alleged protective order violation could result in further sanctions, financial or otherwise.

WHEREFORE Appellants respectfully submit that the Court should grant Appellants and their counsel access to the sealed record and a reasonable amount of time to review the record and supplement their Rule 60(b) motion as needed.

Respectfully submitted,

/s Soren Gisleson
SOREN E. GISLESON La Bar No. 26302
HERMAN, HERMAN & KATZ
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Tel: (504) 581-4892
Fax: (504) 561-6024
Email: sgisleson@hhklawfirm.com

-AND-

RICHARD C. TRAHANT (# 22653)
ATTORNEY AT LAW
2908 Hessmer Avenue
Metairie, LA 70002
Telephone: (504) 780-9891
FAX: (504) 780-9891
Email: trahant@trahantlawoffice.com

-AND-

JOHN H. DENENEA, JR. (#18861)
SHEARMAN~DENENEA, L.L.C.
4240 Canal Street
New Orleans, LA  70119
Telephone: (504) 304-4582
FAX: (504) 304-4587
jdenenea@midcitylaw.com

*Attorneys for James Adams, Jackie Berthelot, Theodore Jackson, and Eric Johnson*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing has been served on all counsel of record by operation of the Court's electronic filing system on this 10th day of May, 2023.

<u>S/Soren E. Gisleson          </u>

13